FILED
BILLINGS, MT

2006 FEB 9 PM 2 22

PATRICK E. DUFFY, CLERK

BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Cause No. | CR-02-130-BLG-RFC |
| | ) | | CR-02-142-BLG-RFC |
| Plaintiff, | ) | | CR-03-068-BLG-RFC |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| **JEFFREY GORDON SPEELMAN** | ) | | |
| | ) | | |
| Defendant. | ) | | |

This Court sentenced Defendant Speelman to a term of 262 months imprisonment in January of 2004. This sentence was rendered pursuant to the United States Sentencing Guidelines, which at the time were mandatory. Subsequently, the United States Supreme Court has held that the Federal Sentencing Guidelines are advisory. *United States v. Booker*, 125 S.Ct. 738, 764 (2005). On December 16, 2005, the Ninth Circuit remanded Speelman's sentence for reconsideration in light of *Booker*.

Pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), this Court must determine "whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory." *Id.* at 1084-85.

1

Defendant requests a hearing to present more evidence as to departure issues, including letters from family and friends. Defendant is mistaken as to the purpose of the remand. This case was not remanded for the purpose of hearing additional evidence. This case was remanded pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), to allow this Court to make a determination "whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory." *Id.* at 1084-85.

In this instance, after reviewing the record, the Court answers the question in the negative-- Defendant Speelman's sentence would not have been materially different had it known that the Guidelines were advisory. At the sentencing hearing in this matter, Defendant requested a downward departure from the guideline range established by the court, claiming that the guidelines were "designed for people who have exploited children to a great deal, more severely than the facts that are alleged in this matter." (Tr. p. 26.) This Court noted its discretion to depart downward, but declined to do so. (Tr. p. 8.) When imposing the sentence, this Court did take into account Defendant's service to his country; his lack of criminal history; and his graduation from the Air Force Academy in making a determination to sentence Defendant at the bottom of the guideline range. (Tr. pp. 28-29.)

While the Sentencing Guidelines are in fact advisory, this Court is still obligated to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The only way to avoid gross disparities in sentencing is to apply some sort of uniform measure in all cases. The only standard currently available is the Sentencing Guidelines. Thus, this Court continues to give great weight to the Sentencing Guidelines.

Furthermore, the Court is obligated to consider all factors enumerated in 18 U.S.C. §3553(a), including: (1) the nature and circumstances of the offense and the history of the defendant; (2) the need for the sentence to reflect the seriousness of the offense; (3) the protection of the public from further crimes of the defendant; and (4) the need to adequately deter criminal conduct.

For these reasons, the Court determines that resentencing of Defendant Speelman is unwarranted as his sentence would not materially differ under the current advisory guideline regime.

DATED this 9th day of February, 2006.

/s/ Richard F. Cebull
RICHARD F. CEBULL
U.S. DISTRICT JUDGE

CERTIFICATE OF MAILING
DATE: 2/9/06   BY: _____
I hereby certify that a copy of this order was mailed to:

Marcia Hurd
Brad Arndorfer
USM
Probation

3